IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT CRABILL, III

        Plaintiff,

v.                                CIVIL ACTION NO.  2:22-cv-00013

WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant West Virginia Division of Corrections and Rehabilitation's Motions to Dismiss the Complaint. [ECF Nos. 5, 27]. Because Mr. Crabill has failed to state cognizable claims against the West Virginia Division of Corrections and Rehabilitation, the motions are **GRANTED**.

I.  **Background**

The plaintiff, Mr. Robert Crabill, III, was an inmate at Mount Olive Correctional Complex ("MOCC"). [ECF No. 1-2, at 1]. Mr. Crabill alleges the following facts in his complaint. On or about August 21, 2020, he was subjected to verbal and physical abuse by two correctional officers employed by MOCC during and immediately after the intake process at MOCC. *Id.* at 2. Specifically, Lieutenant Andrew Hill began the abuse by taunting and ridiculing Mr. Hill for his tattoos and appearance. Lt. Hill repeatedly stated that Mr. Crabill thought he was a tough guy,

screamed in his face, and called him expletives. *Id.* Mr. Crabill was at no point insubordinate or combative, as reflected by a surveillance video of the incident. *Id.* at 2, 6.

After intake, while he was being moved in full ankle and wrist restraints, Lt. Hill and another MOCC employee, Sergeant Wilson, stated they were going to give Mr. Crabill the "elevator treatment." *Id.* They brought Mr. Crabill into an elevator where there were no cameras and severely beat him throughout the duration of the ride. *Id.* Afterwards, the officers continued to taunt and laugh at him, then escorted him to medical, where he received treatment and photos of his injuries were taken. *Id.* at 3. Mr. Crabill states that Lt. Hill later "wrote a false report" alleging that Mr. Crabill assaulted him in order to conceal Lt. Hill's own wrongdoing. *Id.* at 4.

Mr. Crabill filed suit in Kanawha County Circuit Court against the West Virginia Division of Corrections and Rehabilitation (WVDCR), Lt. Hill, and Sgt. Wilson, bringing the following claims against each defendant: violation of 42 U.S.C. § 1983 for Eighth Amendment excessive force (Count I); outrageous conduct (Count II); and fraud/conspiracy (Count IV). Mr. Crabill also brought a claim for vicarious liability against WVDCR (Count III). *Id.* at 3–6. WVDCR removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 [ECF No. 1], and filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 5].

In support of its motion, WVDCR argues that each of Mr. Crabill's claims against it fail as a matter of law because, respectively, WVDCR is not a "person" for

the purposes of section 1983 litigation; it is not liable for the intentional torts of WVDCR employees; it cannot be vicariously liable for the conduct of the individual defendants in this case because their actions were manifestly outside the scope of their employment; and Mr. Crabill's complaint contains no specific allegations of fraud or conspiracy against WVDCR. *Id.* at 1. Receiving no response from Mr. Crabill, WVDCR moved to designate its motion to dismiss as unopposed and to dismiss the complaint for failure to prosecute. [ECF Nos. 27, 28].

## II.   Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.*

### III.    Discussion

Counts I, II, and IV of Mr. Crabill's complaint state substantive claims against each defendant. Count III alleges that WVDCR is vicariously liable for the conduct of the individual defendants that gave rise to Mr. Crabill's substantive claims because they are WVDCR employees. Under each respective heading, I analyze the legal sufficiency of each claim first as stated against WVDCR itself and then under the theory of vicarious liability.

### A. Section 1983 (Count I)

Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of state law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Supreme Court of the United States has long recognized that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The holding in *Will* extends not only to actions against the state itself, but also to lawsuits against "public entities and political subdivisions" that are an "arm or alter ego" of the state. *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). It is well-established that the WVDCR is an "arm[] of the State" of West Virginia and is not a "person" within the meaning of Section 1983 for purposes of actions seeking money damages. *See, e.g., Mitchell v. Janice*, 2009 WL 4666010, *1 n.3 (S.D. W. Va. 2009) ("[T]he West Virginia Department of Corrections

is not a 'person' as required by Section 1983."). Mr. Crabill's claim against WVDCR pursuant to section 1983 fails as a matter of law.

Moreover, the Supreme Court of the United States has long held that the government or an arm of the government "cannot be held liable *solely* because it employs a tortfeasor." *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Instead, a plaintiff must show that the deprivation of his constitutional rights fairly represents government policy or custom such that the government itself directly caused the constitutional injury. *Id.* at 694. Mr. Crabill makes no allegations that WVDCR had an official policy or custom that could have led to his complained of injuries, so WVDCR's motion to dismiss is **GRANTED** as to Count I.

### B. Outrageous Conduct (Count II)

"One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Syl. Pt. 7, *Hosaflook v. Consolidation Coal Co.*, 497 S.E.2d 174, 184 (W. Va. 1997). Mr. Crabill makes no specific allegations against WVDCR in his outrageous conduct claim, but he asserts that he is entitled to recover against WVDCR because the individual defendants were WVDCR employees "acting within the scope of their employment and apparent authority at all times relevant herein." [ECF No. 1-2, at

5

5]. WVDCR argues that it cannot be liable for the conduct of the individual defendants because those "actions are so divergent from their job duties that they could not be within the scope of their employment." [ECF No. 6, at 10–11].

In order for an employer to be vicariously liable for the acts of its employees, the acts must have been committed within the scope of the employees' employment. *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 766 S.E.2d 751, 768 (W. Va. 2014). Factors that are used to determine whether an act was within the course of employment include: (1) the nature of the act, (2) whether the conduct occurred within the time and space of the employees' work, (3) whether the conduct was committed "at least in part, by a purpose to serve the master," and (4) if force was used, whether "the use of force is not unexpectable by the master." *Id.* at 769 (quoting Restatement (Second) of Agency § 228 (1958) (emphasis omitted)); *Hughes v. White*, No. 2:20-CV-00730, 2020 WL 7753104, at *3 (S.D. W. Va. Dec. 29, 2020). While this determination is ordinarily a question of fact, it becomes a question of law when "the facts are undisputed and no conflicting inferences are possible." *Id.* at 768.

Here, Mr. Crabill alleges that Defendants Lt. Hill and Sgt. Wilson maliciously subjected him to unwarranted and excessive force as well as verbal taunts, then wrote a false report to conceal their own wrongdoing. [ECF No. 1-2, at 4]. Mr. Crabill argues that these "actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, . . . and emotional distress upon him." *Id.*

Courts have consistently and repeatedly found that actions similar to those alleged here are intentional tortious acts that "do not fall within the scope of employment." *See Holcomb v. W. Va. Div. of Corr. and Rehabilitation*, No. 2:20-cv-00767, 2021 WL 4429198, at *2 (S.D. W. Va. Sep. 27, 2021) (deployment of chemical agent, slamming inmate to floor, and punching inmate found to be intentional acts not attributable to agency); *Hughes v. White*, No. 2:20-cv-00730, 2020 WL 7753104, at *3 (S.D. W. Va. Dec. 29, 2020) ("slamming" inmate to the wall and ground found to be intentional and could not serve the purposes of the agency); *Hamilton v. Hill*, No. 2:20-cv-00368, 2020 WL 3472420, at *2 (S.D. W. Va. June 25, 2020) (battery of inmate through alleged unlawful use of pepper spray an intentional act outside the scope of employment).

What Mr. Crabill has alleged are intentional tortious acts that were outside of the nature of the work that Defendants Lt. Hill and Sgt. Wilson were employed to perform, cannot serve any justifiable purpose of the WVDCR, and is unexpectable by WVDCR. Mr. Crabill's allegations that these acts were committed within the scope of employment is a legal conclusion that the court cannot and does not accept at this stage. *Cf. Rhodes v. King*, No. 2:19-cv-00626, 2020 WL 4607323, at *3–4 (S.D. W. Va. Aug. 11, 2020). WVDCR's motion to dismiss is **GRANTED** as to Count II.

### C. Fraud (Count IV)

Count IV alleges that the "individual defendants herein were aware that their conduct was a violation of plaintiff's constitutional rights. As a result of this

7

knowledge, defendants schemed and conspired to draft false incident reports . . . ." [ECF No. 1-2, at 6]. Plainly read, this claim is asserted against only the individual defendants. Nevertheless, WVDCR moved to dismiss Count IV, arguing that Mr. Crabill's claims do not meet the particularity requirements of Federal Rule of Civil Procedure 9(b) because he does not state any specific allegations of fraud or conspiracy against WVDCR. [ECF No. 6, at 12].

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). To the extent that Mr. Crabill's complaint makes allegations of fraud or conspiracy against Defendant WVDCR, the claim fails as a matter of law for failure to comply with the particularity requirement of Rule 9(b).

To the extent Mr. Crabill argues that WVDCR is liable for the fraudulent and conspiratorial conduct of the individual defendants, his claim fails as a matter of law because those actions were manifestly outside the scope of employment. Creating false incident reports to cover up wrongdoing is outside of the nature of the work that Defendants Lt. Hill and Sgt. Wilson were employed to perform, cannot serve any justifiable purpose of the WVDCR, and is unexpectable by WVDCR. *See Holcomb v. W. Va. Div. of Corr. and Rehabilitation*, No. 2:20-cv-00767, 2021 WL 4429198, at *2 (S.D. W. Va. Sep. 27, 2021) (granting WVDCR's motion to dismiss as to the intentional

tort of conspiracy). WVDCR's motion to dismiss is **GRANTED** as to Counts III and IV.

## IV.    Conclusion

For the foregoing reasons, the motions by WVDCR to dismiss the complaint are **GRANTED**. [ECF Nos. 5, 27]. WVDCR is **DISMISSED** from this case. WVDCR's pending Motion to Quash [ECF No. 24] is **DENIED as moot**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       May 26, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

9