IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT CRABILL, III

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:22-cv-00013

LT. ANDREW HILL, et al.,

          Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendants' motion to quash [ECF No. 62] Plaintiff Robert Crabill's subpoena of Donald Ames, the Superintendent of Mount Olive Correctional Complex [ECF No. 48]. Plaintiff responded in opposition. [ECF No. 63]. Because Defendants lack standing to quash the subpoena, their motion is **DENIED**.

"Ordinarily, a party does not have standing to move to quash a subpoena served on a third party. Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash." *Jacobs v. Conn. Cmty. Tech. Coll.*, 258 F.R.D. 192, 194–95 (D. Conn. 2009); see also *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (first citing *Vogue Instrument Corp. v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); and then citing *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)). An exception may apply where the moving party "asserts

a personal right or privilege with respect to the materials subpoenaed" from the nonparty. *Scallion v. Richardson*, No. CIV-17-992-G, 2018 WL 6037536, at *2 (W.D. Okla. Nov. 16, 2018) (quoting *Pub. Serv. Co. of Okla. v. A Plus, Inc.*, No. CIV-10-651-D, 2011 WL 691204, at *2 (W.D. Okla. Feb. 16, 2011)).

In the instant motion to quash, Defendants make no claim of privilege or personal right. Defendants do mention the report that Mr. Ames, their employer, is directed to bring with him to trial, *see* [ECF No. 62, ¶ 2], and courts have found a "personal right" sufficient to confer standing where the challenged subpoena seeks the movant's employment records, *see, e.g.*, *Scallion*, 2018 WL 6037536, at *2. But Defendants do not invoke the report as grounds to quash the subpoena; because Defendants have repeatedly indicated their willingness to stipulate to the authenticity of the report, they mention it in their motion only to show the lack of apparent purpose for Mr. Ames to appear as a witness. *See* [ECF No. 62]. Rather than claiming any personal right or privilege, Defendants focus on Plaintiff's failure to previously disclose Mr. Ames as witness.[1] *Id.* (citing Fed. R. Civ. P. 26, 37). Accordingly, the court finds that Defendants lack standing to quash this subpoena. Their motion [ECF No. 62] is therefore **DENIED**.

---

[1] From the record before the court, it does appear that Mr. Crabill never previously disclosed Mr. Ames as a potential witness. But the Federal Rules of Civil Procedure expressly exclude from the disclosure requirements those witnesses who are used "solely for impeachment," Fed. R. Civ. P. 26(a)(1)(A)(i), 26(a)(3)(A)(i), and Mr. Crabill asserts that he "intends to call Mr. Ames as a rebuttal witness or for the purpose of impeachment of the defendants and/or other witnesses called by the defendants," [ECF No. 63, ¶ 4]. If, however, Mr. Crabill attempts at trial to elicit testimony from Mr. Ames for purposes other than impeachment, he will need to show that his failure to disclose the witness "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 13, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE